United States District Court
District of Connecticut
FILED AT    NEW HAVEN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

Nov. 6, 2003
Kevin F. Rowe, Clerk
By P. A. Villano
Deputy Clerk

---

FRIENDLY ICE CREAM CORPORATION

    Plaintiff,

v.

MASTER PROTECTION CORPORATION
D/B/A FIREMASTER, ALLSTATE FIRE
EQUIPMENT, INC. AND KITCHEN KLEAN, INC.

    Defendants.

CIVIL ACTION NO.:
302CV 169 (EBB)

November   , 2003

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ALLSTATE FIRE EQUIPMENT, INC.'S MOTION FOR SUMMARY JUDGMENT

### Facts

The defendant, Allstate Fire Equipment, Inc. ("defendant") states that this is a property damage subrogation case arising out of a fire at the Friendly's Restaurant in Branford, Connecticut ("the Branford Friendly's").[1] The Friendly Ice Cream Corporation's ("Friendly's") insurer, Lexington Insurance Company ("Lexington"), investigated the fire, estimated the property damage and business losses, and paid Friendly's for its losses.[2] Lexington is not named as a plaintiff in this lawsuit, although there is a Motion pending to join Lexington to the present litigation as the real party in interest.[3] Friendly's attorney has admitted that he also represents the interests of Lexington which has brought this subrogation action against the defendants to

---

[1] See Complaint (a copy is attached hereto as *Exhibit A)*

[2] Motion to Join Real Party in Interest as Plaintiff (a copy is attached hereto as *Exhibit B)*

[3] See Motion to Join Real Party in Interest as Plaintiff (attached hereto as *Exhibit B)*

recover monies paid by Lexington pursuant to the policy of insurance issued to Friendly's.[4]

At all times relevant hereto, defendant was insured by the Frontier Insurance Company ("Frontier"). By Order dated October 10, 2001, the Supreme Court of the State of New York declared that Frontier was insolvent.[5]

## Standard of Review

Summary judgment is appropriate where, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's London, 136 F.3d 82, 86 (2d Cir. 1998). However, the moving party's burden of demonstrating that there is no genuine issue of fact on any relevant issue "may be discharged by showing that there is an absence of evidence to support the non-moving party's case." Celotex Corp., 477 U.S. at 322. If the non-moving party cannot prove an essential element of its case, all other facts are rendered immaterial." Id. at 323. Similarly, if the non-moving party's evidence is not significantly probative, summary judgment cannot be defeated. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

## Legal Argument

Friendly's and Lexington are barred from asserting claims for subrogation against the defendant. The statutes (hereinafter "CIGAA") creating the Connecticut Insurance Guaranty

---

[4] See Motion to Join Real Party in Interest as Plaintiff (attached hereto as *Exhibit B*)

[5] A copy of Order is attached hereto as *Exhibit C*

2

Association prohibits other insurers, either through subrogation or otherwise, from asserting claims against the insured of an insolvent insurer. The CIGAA was created, in part, to assume the liabilities of an insolvent insurer. Harbor Ins. Co. v. Connecticut Ins. Guar. Assoc., 711 F.Supp. 70, 72 (D. Conn. 1989). The purpose of the CIGAA is to allow Connecticut residents a means by which to avoid financial loss as a result of the insolvency of insurance companies. Doucette v. Pomes, 247 Conn. 442, 460 (1999). The CIGAA directly prohibits a claim made for the benefit of an insurer from being asserted against the insured of an insolvent insurer. Conn. Gen. Stat. §38a-838 states in relevant part:

> "Covered claim shall not include any claim by or for the benefit of any reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries, or otherwise; provided that a claim for any such amount, asserted against a person insured under a policy issued by an insurer which has become an insolvent insurer, which, if it were not a claim by or for the benefit of a reinsurer, insurer, insurance pool or underwriting association, would be a 'covered claim' may be filed directly with the receiver of the insolvent insurer **but in no event shall any claim be asserted against the insured of an insolvent insurer.**" (Emphasis added)

Where the language of a statute is plain and unambiguous, it is to be assumed by the Court that the words of the statute fully express the legislature's intent. Wislocki v. Town of Prospect, 72 Conn. App. 444, 449 (2002). The language of the CIGAA is clear and unambiguous in that it bars all claims by or for the benefit of an insurer from being asserted against the insured of an insolvent insurer. Friendly's present claims are asserted against the defendant on behalf of and for the benefit of Lexington, an insurer. The defendant is the insured of Frontier, an insolvent insurer. Pursuant to the express language of Conn. Gen. Stat. §38a-838 which imposes a statutory bar on such claims, Lexington's subrogation claim against defendant should be dismissed as a matter of law.

3

Furthermore, public policy and the intent of the CIGAA dictate that Friendly's, on behalf of Lexington, be barred from asserting the present claims against defendant. The CIGAA was enacted to protect the consumers and policy holders. Doucette, 247 Conn. at 460. The CIGAA was enacted to ensure that entities outside the insurance industry, such as Friendly's, would not suffer economic loss as a result of the insolvency of an insurance company. Id. However, these claims are not asserted by Friendly's, but rather by Lexington, an insurance company. Friendly's has received monetary compensation for the losses it has incurred. The party seeking payment in the name of Friendly's is an insurance company asserting subrogation claims. The provisions of the CIGAA are not intended to protect the interests embodied in a subrogation claim asserted by a member of the insurance industry. See Doucette, 247 Conn. at 466 n. 18.

In the event that this Court allows Friendly's and Lexington to seek payment for losses from the Connecticut Insurance Guaranty Association, they may not recover the amount of any covered claim until such time as they have exhausted all their rights as to claims against solvent insurers. Conn. Gen. Stat. §38a-845 states in relevant part:

> "Any person having a claim against an insurer under any provision in an insurance policy, other than a policy of an insolvent insurer...**shall exhaust first his rights under such policy**. Any amount payable on a covered claim under said sections shall be reduced by the amount recoverable under the claimant's insurance policy."

There are two other named defendants in this matter. Upon information and belief, both defendants, Master Protection Corporation and Kitchen Klean, Inc, are insured by solvent insurers. Pursuant to the plain and unambiguous terms of the above-cited statute, Lexington must first exhaust its rights as to claims under those two policies before seeking payment relative to the policy issued by an insolvent insurer, Frontier.

4

## Conclusion

Friendly's, on behalf and for the benefit of Lexington, has asserted subrogation claims against defendant, Allstate Fire Equipment, Inc. Defendant is the insured of Frontier, which is an insolvent insurer. Pursuant to the relevant provisions of the CIGAA, Friendly's claims, on behalf and for the benefit of Lexington, against defendant are barred as a matter of law.

WHEREFORE, the defendant, Allstate Fire Equipment, Inc., respectfully requests that this Honorable Court grant its Motion for Summary Judgment against the plaintiff, Friendly Ice Cream Corporation.

THE DEFENDANT,
ALLSTATE FIRE EQUIPMENT, INC.

By Its Attorneys

Timothy J. Duggan, (Ct No. 17830)
Duggan & Caccavaro
4 Fort Hill Road
Groton, CT 06340
Tel: (860) 289-4442

## CERTIFICATE OF SERVICE

     I hereby certify that a true and accurate copy of the foregoing document was served on November 6, 2003 via ~~first class mail~~ *by hand*, postage prepaid upon:

Stuart G. Blackburn, Esq.
Law offices of Stuart G. Blackburn
P.O. Box 608
Two Concorde Way
Windsor Locks, CT 06096

Martin P. Duffy, Esq.
Cozen O'Connor
1900 Market Street, Third Floor
Philadelphia, PA 19103-3508

Miles N. Esty, Esq.
Esty & Buckmir, LLC
714 State Street
New Haven, CT 06511

Kenneth Mastorni, Esq,
Milano & Wanat, LLC
471 East Main Street
Branford, CT 06405

                                      Timothy J. Duggan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT



RECEIVED FEB 12 2002

| | |
|---|---|
| FRIENDLY ICE CREAM CORPORATION<br>1855 Boston Road<br>Wilbraham, MA 01095-1098,<br><br>Plaintiff,<br><br>v.<br><br>Master Protection Corporation<br>d/b/a FireMaster<br>520 Broadway, Suite 650<br>Santa Monica, CA 90401-2466<br><br>and<br><br>Allstate Fire & Safety<br>Service Equipment Company<br>5450 S State Road 7<br>FT Lauderdale, FL 33314<br><br>and<br><br>Kitchen Klean, Inc.<br>27 Black Hall Road<br>Epsom, NH 03234<br><br>Defendants. | CIVIL ACTION NO.:<br><br><br><br>JURY TRIAL DEMANDED<br><br><br><br><br><br>COMPLAINT<br><br><br>JANUARY 28, 2002 |

Plaintiff, Friendly's Ice Cream Corporation, (hereinafter "Friendly's"), by way of Complaint, alleges and says:

#### PARTIES

1.  Plaintiff, Friendly's Ice Cream Corporation is a Massachusetts corporation organized and existing under the laws of the State of Massachusetts,

having a principal place of business located at 1855 Boston Road, Wilbraham, Massachusetts 01095. At all times relevant hereto, Friendly's was engaged in the business of operating a restaurant located at 30 Leetes Island Road, Branford, CT 06405-6511 (hereinafter "the Branford Friendly's").

2. Defendant, Master Protection Corporation d/b/a FireMaster (hereinafter "FireMaster"), is a Delaware corporation, with its principal place of business located at 520 Broadway, Suite 650, Santa Monica, California 90401. At all times relevant hereto, FireMaster was engaged in the business of installing, repairing, servicing and/or inspecting fire suppression systems, and maintained a branch office at 760 Fairfield Avenue, Kenilworth, NJ 07033.

3. Defendant, Allstate Fire & Safety Service Equipment Company, Inc. (hereinafter "Allstate Fire"), is a Florida corporation, with its principal place of business located at 5450 South State Road 7, FT Lauderdale, FL 33314. At all times relevant hereto, Allstate was engaged in the business of installing, repairing, servicing and/or inspecting fire suppression systems.

4. Defendant, Kitchen Klean, Inc. (hereinafter "Kitchen Klean") is a New Hampshire Corporation, with its principal place of business located at 27 Black Hall Road, Epsom, NH 03234. At all times relevant hereto, Kitchen Klean was engaged in the business of cleaning, inspecting, evaluating, repairing, and/or servicing the exhaust hoods of commercial cooking equipment.

## JURISDICTION AND VENUE

5. This action is commenced in the United States District Court for the

District of Connecticut pursuant to 28 U.S.C. § 1332, as the parties are citizens of diverse jurisdictions and the amount in controversy, exclusive of interests and costs, is in excess of Seventy-Five Thousand dollars ($75,000.00).

6. Venue in this action lies in the District of Connecticut pursuant to 28 U.S.C. § 1391, as the loss occurred in this District and the defendants are subject to personal jurisdiction within this District.

## FACTS RELEVANT TO ALL COUNTS

7. Prior to July 16, 2001, Friendly's enlisted the services of defendants FireMaster, Allstate Fire and Fire Control to evaluate, service, repair and/or inspect a fire suppression system located over the cooking line (hereinafter the "fire suppression system") in the kitchen of the Branford Friendly's restaurant.

8. Prior to July 16, 2001, Friendly's enlisted the service of defendant Kitchen Klean to clean, evaluate, service, repair and inspect the hood over the cooking line in the kitchen of Branford Friendly's restaurant.

9. On July 16, 2001, a fire occurred in the deep fat fryer which was part of the aforesaid cooking line. Because the fire suppression system failed to properly operate and extinguish the fire, and because the component parts of the hood and duct work were not properly connected and/or affixed, the fire was permitted to spread beyond the fryer to plaintiff's premises, causing severe and substantial damages thereto.

10. As a direct and proximate result of the fire, Friendly's has sustained

3

damage and destruction to its real and personal property and has suffered damages as a result of the interruption of its business in an amount in excess of Six Hundred and Fifty Thousand dollars ($650,000.00).

## COUNT I

### (Plaintiff vs. FireMaster)

11. Plaintiff hereby incorporates by reference Paragraphs 1 through 10 above as fully as if the same were recited herein at length.

12. The occurrence referred to in paragraph "9", and the consequent damages sustained by plaintiff, Friendly's, was caused by the negligence, carelessness, recklessness and/or gross negligence of defendant, FireMaster, its agents, servants, workmen and/or employees acting within the scope of their employment, in the following way:

(a) failing to properly repair the fire suppression system;

(b) failing to inspect and service the fire suppression system in accordance with all applicable codes, laws, industry standards, rules and regulations;

(c) failing to properly select, hire, supervise and/or direct the activities of any and all employees, agents, and subcontractors involved in the repairing, inspecting, servicing, and evaluating of the fire suppression system;

(d) failing to notify plaintiff of the deficient condition of the fire suppression system at the Branford Friendly's restaurant;

4

(e) certifying and/or otherwise indicating that the fire suppression system was properly installed, was in operable order, and was in compliance with applicable codes and standards, when the defendant knew or should have known it was not; and

(f) otherwise failing to use reasonable and due care under the circumstances.

13. By reason of the aforesaid negligence, carelessness, recklessness and/or gross negligence of the defendant, FireMaster, the fire referred to in paragraph "9" hereof occurred and was able to rapidly spread, causing plaintiff, Friendly's, to sustain severe and extensive damage to its real and personal property together with a loss of business in an amount in excess of $650,000.00.

WHEREFORE, plaintiff, Friendly's Ice Cream Corporation, requests this Court to enter judgment in its favor and against defendant FireMaster, for damages together with interest, costs of this action and such other and further relief as this Court deems appropriate.

## COUNT II

### (Plaintiff vs. FireMaster)

14. Plaintiff hereby incorporates by reference each and every allegation set forth in Count I as if the same were recited herein at length.

15. In agreeing to perform the evaluation, inspection, repair, and/or service of the fire suppression system, defendant, FireMaster, became contractually obligated to and impliedly warranted that the work would be done in a safe and workmanlike manner.

5

16. Defendant, FireMaster, breached its express and/or implied warranties, and therefore its contract, to perform the work in a safe and workmanlike manner, for the reasons set forth in paragraph 12.

17. As a direct and proximate result of the foregoing breaches of contract and breaches of warranty, the fire referred to in paragraph "9" hereof occurred and was able to rapidly spread, causing plaintiff, Friendly's, to sustain severe and extensive damage to its real and personal property together with a loss of business in an amount in excess of $650,000.00.

WHEREFORE, plaintiff, Friendly's, demands judgment in its favor and against defendant, FireMaster, for damages together with interest, costs of this action and such other and further relief as this Court deems appropriate.

### COUNT III

(Plaintiff vs. Allstate Fire)

18. Plaintiff hereby incorporates by reference Paragraphs 1 through 10 above as fully as if the same were recited herein at length.

19. The occurrence referred to in paragraph "9", and the consequent damages sustained by plaintiff, Friendly's, was caused by the negligence, carelessness, recklessness and/or gross negligence of defendant, Allstate Fire, its agents, servants, workmen and/or employees acting within the scope of their employment, in the following way:

(a) failing to properly repair the fire suppression system;

6

(b) failing to inspect and service the fire suppression system in accordance with all applicable codes, laws, industry standards, rules and regulations;

(c) failing to properly select, hire, supervise and/or direct the activities of any and all employees, agents, and subcontractors involved in the repairing, inspecting, servicing, and evaluating of the fire suppression system;

(d) failing to notify plaintiff of the deficient condition of the fire suppression system at the Branford Friendly's;

(e) certifying and/or otherwise indicating that the fire suppression system was properly installed, was in operable order, and was in compliance with applicable codes and standards, when the defendant knew or should have known it was not; and

(f) otherwise failing to use reasonable and due care under the circumstances,

20. By reason of the aforesaid negligence, carelessness, recklessness and/or gross negligence of the defendant, Allstate Fire, the fire referred to in paragraph "9" hereof occurred and was able to rapidly spread, causing plaintiff, Friendly's, to sustain severe and extensive damage to its real and personal property together with a loss of business in an amount in excess of $650,000.00.

WHEREFORE, plaintiff, Friendly's, demands judgment in its favor and against defendant, Allstate Fire, for damages together with interest, costs of this action and such other and further relief as this Court deems appropriate.

## COUNT IV

### (Plaintiff vs. Allstate Fire)

21. Plaintiff hereby incorporates by reference each and every allegation of Count III above as fully as if the same were recited herein at length.

22. In agreeing to perform the evaluation, inspection, repair, and/or service of the fire suppression system, defendant, Allstate Fire, became contractually obligated to and impliedly warranted that the work would be done in a safe and workmanlike manner.

23. Defendant, Allstate Fire, breached its express and/or implied warranties, and therefore its contract, to perform the work in a safe and workmanlike manner, for the reasons set forth in paragraph 19.

24. As a direct and proximate result of the foregoing breaches of contract and breaches of warranty, the fire referred to in paragraph "9" hereof occurred and was able to rapidly spread, causing plaintiff, Friendly's, to sustain severe and extensive damage to its real and personal property together with a loss of business in an amount in excess of $650,000.00.

WHEREFORE, plaintiff, Friendly's, demands judgment in its favor and against defendant, Allstate Fire, for damages together with interest, costs of this action and such other and further relief as this Court deems appropriate.

## COUNT V

### (Plaintiff v. Kitchen Klean, Inc.)

25. Plaintiff hereby incorporates by reference Paragraphs 1 through 10 above as fully as if the same were recited herein at length.

26. The occurrence referred to in paragraph "9", and the consequent damages sustained by plaintiff, Friendly's, was caused by the negligence, carelessness, recklessness and/or gross negligence of defendant, Kitchen Klean, its agents, servants, workmen and/or employees acting within the scope of their employment, in the following way:

(a) failing to properly repair the hood and duct work;

(b) failing to inspect and service the hood and duct work in accordance with all applicable codes, laws, industry standards, rules and regulations;

(c) failing to properly select, hire, supervise and/or direct the activities of any and all employees, agents, and subcontractors involved in the repairing, inspecting, servicing, and evaluating of the hood and duct work;

(d) failing to notify plaintiff of the deficient condition of the hood and duct work at the Branford Friendly's;

(e) certifying and/or otherwise indicating that the hood and duct work were properly installed and were in compliance with the applicable codes and standards, when defendant knew or should have known it was not; and

9

(f) otherwise failing to use reasonable and due care under the circumstances.

27. By reason of the aforesaid negligence, carelessness, recklessness and/or gross negligence of the defendant, Kitchen Klean, the fire referred to in paragraph "9" hereof occurred and was able to rapidly spread, causing plaintiff, Friendly's, to sustain severe and extensive damage to its real and personal property together with a loss of business in an amount in excess of $350,000.00.

WHEREFORE, plaintiff, Friendly's, demands judgment in its favor and against defendant, Kitchen Klean, for damages together with interest, costs of this action and such other and further relief as this Court deems appropriate.

## COUNT VI

### (Plaintiff vs. Kitchen Klean, Inc.)

28. Plaintiff hereby incorporates by reference each and every allegation of Count V above as fully as if the same were recited herein at length.

29. In agreeing to perform the cleaning, evaluating, inspecting, repairing, and servicing of the hood and duct work, defendant, Kitchen Klean, became contractually obligated to and impliedly warranted that the work would be done in a safe and workmanlike manner.

30. Defendant, Kitchen Klean, breached its express and/or implied warranties, and therefore its contract, to perform the work in a safe and workmanlike manner, for the reasons set forth in paragraph 26.

31. As a direct and proximate result of the foregoing breaches of contract and breaches of warranty, the fire referred to in paragraph "9" hereof occurred

10

and was able to rapidly spread, causing plaintiff, Friendly's, to sustain severe and extensive damage to its real and personal property together with a loss of business in an amount in excess of $650,000.00.

WHEREFORE, plaintiff, Friendly's, demands judgment in its favor and against defendant, Kitchen Klean, for damages together with interests, costs of this action and such other and further relief as this Court deems appropriate.

Respectfully submitted,

By: _____
Stuart G. Blackburn, Esquire
Two Concorde Way
P.O. Box 608
Windsor Locks, Connecticut 06096
Tel: (860) 292-1116
Fax No.: (860) 292-1221
Fed. Court No.: CT00686

Attorney for Plaintiff

OF COUNSEL:

Martin P. Duffey, Esquire
William Gericke, Esquire
COZEN O'CONNOR
1900 Market Street, 3rd Floor
Philadelphia, PA 19103

**JURY TRIAL DEMANDED**

The plaintiff demands a Jury Trial in the above-captioned matter.

By: /s/ Stuart G. Blackburn
Stuart G. Blackburn, Esquire
Two Concorde Way
P.O. Box 608
Windsor Locks, Connecticut 06096
Tel.: (860) 292-1116
Fax No.: (860) 292-1221
Fed Court No.: CT00635

DATED: January 28, 2002

12