IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRIENDLY ICE CREAM CORPORATION | : |
| Plaintiff, | : CIVIL ACTION NO.: |
| | : 302CV 169 (EBB) |
| v. | : |
| MASTER PROTECTION CORPORATION | : |
| D/B/A FIREMASTER, ALLSTATE FIRE & | : December 13, 2002 |
| SAFETY SERVICE EQUIPMENT COMPANY, | : |
| AND KITCHEN KLEAN, INC. | : |
| Defendants. | : |

## MOTION TO JOIN REAL PARTY IN INTEREST AS PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 17 (a), the defendant, Allstate Fire Equipment, Inc. ("defendant"), moves that this Honorable Court join Lexington Insurance Company as a plaintiff in the above referenced lawsuit. As grounds, the defendant states (as set forth in greater detail in the attached memorandum of law) that this is a property damage subrogation case arising of out of a fire at the Friendly's Restaurant in Branford, Connecticut. Lexington Insurance Company ("Lexington") investigated the fire, estimated the property damage and business losses, paid the Friendly Ice Cream Corporation ("Friendly's") for its losses and initiated the instant lawsuit. When the defendants subpoenaed Lexington's presuit investigation records, counsel for Friendly's objected stating that he also represented Lexington and that all of Lexington's records were privileged.[1] The defendants have served Friendly's with

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

---

[1] See Friendly's counsel's objection attached at Exhibit A.

numerous document requests, interrogatories and requests to depose the restaurant's employees involved in the fire; however, Friendly's counsel has not produced any responsive materials on the grounds that "investigation is continuing" or has stated: "I have asked for the information but have not received it." These responses suggest that Friendly's has very little, if any, interest in this lawsuit. Moreover, this discovery tactic is making it difficult, if not impossible, for the defendants to adequately defend and evaluate this case.

It appears that Lexington is directing the plaintiff's lawsuit, has the only financial incentive to do so, controls responsive documents and should be named as the real party in interest.[2]

WHEREFORE, the defendant moves to join Lexington as a plaintiff real party in interest.

> THE DEFENDANT,
> ALLSTATE FIRE EQUIPMENT, INC.
>
> By Its Attorneys
>
> *Timothy J. Duggan*
> Timothy J. Duggan, (Ct No. 47830)
> Duggan & Caccavaro
> 131 Summer Street
> Bristol, CT 06010
> Tel: (860) 289-4442

---

[2] The defendants, Allstate and Master Protection Corporation, asserted counterclaims against Friendly's pursuant to the applicable work orders that contain a damage limitation, a waiver of subrogation clause and a defense and indemnity provision. It is unclear whether Friendly's is insured by Lexington for these counterclaims.

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served on December /3, 2002 via first class mail, postage prepaid, upon:

Stuart G. Blackburn, Esq.
Law Offices of Stuart G. Blackburn
P.O. Box 608
Two Concorde Way
Windsor Locks, CT 06096

Martin P. Duffey, Esq.
William Gericke, Esq.
Cozen O'Connor
1900 Market Street, Third Floor
Philadelphia, PA 19103-3508

Miles N. Esty, Esq.
Esty & Buckmir, LLC
714 State Street
New Haven, CT 06511
Joseph G. Rinaldi, Esq

Christopher F. Wanat, Esq.
Milano & Wanat, LLC
471 East Main Street
Branford, CT   06405

_____
Timothy J. Duggan



| PHILADELPHIA | | NEW YORK |
| --- | --- | --- |
| ATLANTA | | NEWARK |
| CHARLOTTE | | SAN DIEGO |
| CHERRY HILL | COZEN | SAN FRANCISCO |
| CHICAGO | O'CONNOR | SEATTLE |
| DALLAS | | WASHINGTON, DC |
| LAS VEGAS | ATTORNEYS | WEST CONSHOHOCKEN |
| LONDON | | WILMINGTON |
| LOS ANGELES | | |

A PROFESSIONAL CORPORATION

1900 MARKET STREET   PHILADELPHIA, PA 19103-3508   215.665.2000   800.523.2900   215.665.2013 FAX   www.cozen.com

**Martin P. Duffey**

Direct Phone 215.665.2780
Direct Fax  215.701.2480
MDUFFEY@COZEN.COM

September 13, 2002

*VIA FACSIMILE*

Timothy J. Duggan, Esquire
Duggan & Caccavaro
520 providence Highway, Suite 4
Norwood, MA  02062

Re:   Friendly Ice Cream Corporation v. Master Protection Corporation, et al.
       Our File No.:  115997

Dear Tim:

I am in receipt of your September 9, 2000 fax to me, responding to my fax of September 6, 2002.

In response to your inquiry, please be advised that I am representing both Lexington Insurance Company and Friendly's Ice Cream Corporation in this matter. As you know, Lexington insured Friendly's and paid Friendly's for damages caused by the fire which is the subject of this action. In addition, Friendly's sustained uninsured losses in the form of its deductible. We have brought suit in the name of Friendly's Ice Cream Corporation for all of those damages, as we are entitled to do under the law.

As such, if you have any request for information or documentation from either Lexington or Friendly's please forward those requests directly to my attention.

With respect to your Notice of Records Deposition directed to Lexington Insurance Company, I have objected to your Notice on the grounds that some of the information requested is not discoverable under the Rules. Among other things, your request for "subrogation files" seeks, by definition, materials prepared in anticipation of litigation, and is therefore not discoverable. In addition, your request for investigative information conducted by

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRIENDLY ICE CREAM CORPORATION | |
| Plaintiff, | CIVIL ACTION NO.: 302CV 169 (EBB) |
| v. | |
| MASTER PROTECTION CORPORATION D/B/A FIREMASTER, ALLSTATE FIRE & SAFETY SERVICE EQUIPMENT COMPANY, AND KITCHEN KLEAN, INC. | December 13, 2002 |
| Defendants. | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO JOIN REAL PARTY IN INTEREST

### I. Factual Background:

In its Amended Complaint dated April 2, 2002, the plaintiff, Friendly Ice Cream Corporation ("plainitff"), alleges that on July 16, 2001 a fire occurred in the deep fat fryer of the plaintiff's restaurant at 30 Leeks Island Road, Brandford, Connecticut. (The Brandford Friendly's). The Connecticut Fire Marshal'sl report states that Justin Betke, a mentally handicapped employee, was left to clean the kitchen at the restaurant during the early morning hours of July 16, 2001, turned on the fryolator and negligently turned off the kitchen's hood's exhaust fan when the fire broke out.

The plaintiff alleges it sustained damage to real and personal property and damage from business interruption in excess of $650,000.00. The plaintiff has asserted negligence claims against the defendants, Master Protection Corporation and Allstate Fire Equipment, Inc., stating that these defendants negligently serviced the fire suppression system. The plaintiff has asserted a negligence claim against the defendant, Kitchen Klean, stating it negligently cleaned the kitchen's hood and exhaust ducts at the Branford Friendly's. The defendants, Master Protection and Allstate, have asserted counterclaims against the plaintiff pursuant to the applicable work orders which limit damages to $500.00, preclude subrogation claims, and provide for defense and indemnity by the plaintiff.

The plaintiff's property insurer, Lexington Insurance Company, was not named as a plaintiff in this lawsuit, although Friendly's counsel claimed he represents Lexington as the real party in interest after Allstate issued a records subpoena to Lexington Insurance Company seeking its presuit investigation records.

Although it appears from the limited discovery to date that Lexington Insurance Company is directing this lawsuit and has paid property damages to Friendly's, there is no allegation or reference in the complaint setting forth these facts. It is apparent from Friendly's miserly discovery responses that it has very little, if any, interest in this lawsuit as it has been unable to produce its restaurant employees for depositions, cannot locate any employee, training or safety manuals relative to the restaurant and cannot locate its construction file relative to the restaurant, which upon information and belief is a standard set of plans used to construct most of the 550 Friendly's Restaurants throughout the Northeastern United States.

## II. Argument:

Fed. R. Civ. P. 17(a) states in pertinent part that "[e]very action shall be prosecuted in the name of the real party in interest." Rule 17(a) further provides that the real party in interest may be joined as a party. "Rule 17(a) protects a defendant against a subsequent claim for the same debt underlying a previously entered judgment." Marina Management Services, Inc. v. Vessell My Girls, 202 F. 3d 315, 318 (D.C. Cir. 2000).

"The question of which party is the real party in interest is procedural, rather than substantive ... [T]herefore, in diversity cases federal law governs the issue of whose name a lawsuit must be brought even though state law controls the underlying substantive right of an insured to recovery." Brocklesby v. Eastern States Escort, 904 F.2d 131, 133 (2d Cir. 1990). "Under federal law, if an insurer has compensated an insured for an entire loss, the insurer is the only real party in interest and must sue in its own name..." Id.

"The pleadings should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interest of any others in the claim." United States v. Aetna Surety Co., 338 US 366, 382 (1949). Where the insured is only partially compensated by its insurer, "[b]oth the insurer and the insured are real parties in interest." Brocklesby v. Eastern States Escort, 904 F. 2d 131, 133 (2d Cir. 1990). "Where there is partial subrogation, there are two real parties in interest under Rule 17. Either party may bring suit... if either a subrogor or the subrogee bring suit, joinder is often appropriate upon proper motion of the defendant." Virginia Electric and Power v. Westinghouse Electric, 485 F. 2d 78, 84 (4th Cir. 1973); Travelers Insurance Company v. Riggs, 671 F. 2d 810, 813 (4th Cir. 1982).

September 13, 2002
Page 2

---

or for Lexington seeks both trial preparation material as well as materials protected by the attorney-client privilege, and is therefore not discoverable. I am enclosing a formal response to the Notice herewith.

With respect to your request in your Notice of Deposition for damage documentation, some of this information has already been provided to all counsel. As I advised in my e-mail yesterday, I am sending to all counsel additional damages document responsive to several of your other requests.

Thank you for your attention to this matter.

Very truly yours,

COZEN O'CONNOR

BY: MARTIN P. DUFFEY

MPD/lar

cc: Stuart G. Blackburn, Esquire (via fax)
Miles N. Esty, Esquire (via fax)
Joseph G. Rinaldi, Esquire (via fax)

PHILA1\1699129\1 115997.000

In support of its Rule 17 Motion for Joinder of the Insurer-Subrogee, Lexington, defendant, Allstate, asserts the following:

a. Joinder will not deprive the court of jurisdiction;

b. The insurer is subject to service of process issuing from this court;

c. Complete relief cannot be had without such joinder;

d. A conflict of interest may exist for counsel appearing to represent both Lexington and Friendly's;

e. Failure to join the insurer may subject the defendants to substantial risk of double liability; and

f. The defendants cannot obtain adequate discovery from Friendly's which appears to be a disinterested party.

For the foregoing reasons, the defendant, Allstate, respectfully requests that this Honorable Court grant its Motion to Join Lexington Insurance Company as a plaintiff in this action.

> THE DEFENDANT,
> ALLSTATE FIRE EQUIPMENT, INC.
>
> By Its Attorneys
>
> *Timothy J. Duggan*
> Timothy J. Duggan, (Ct No. 17830)
> Duggan & Caccavaro
> 131 Summer Street
> Bristol, CT 06010
> Tel: (860) 289-4442

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served on December *13*, 2002 via first class mail, postage prepaid, upon:

Stuart G. Blackburn, Esq.
Law Offices of Stuart G. Blackburn
P.O. Box 608
Two Concorde Way
Windsor Locks, CT 06096

Martin P. Duffey, Esq.
William Gericke, Esq.
Cozen O'Connor
1900 Market Street, Third Floor
Philadelphia, PA 19103-3508

Miles N. Esty, Esq.
Esty & Buckmir, LLC
714 State Street
New Haven, CT 06511
Joseph G. Rinaldi, Esq


Christopher F. Wanat, Esq.
Milano & Wanat, LLC
471 East Main Street
Branford, CT  06405

*Timothy J. Duggan*
Timothy J. Duggan

At IAS Part 19 of the Supreme Court of the State of New York, County of New York, at the Courthouse, 60 Centre Street, New York, New York on the 10th day of October, 2001.

PRESENT:

HON. EDWARD H. LEHNER

JUSTICE

-------------------------------------------------------x
In the Matter of

The Application of

GREGORY V. SERIO, as Superintendent of Insurance of the State of New York, for an order to take possession of the property of and rehabilitate

FRONTIER INSURANCE COMPANY
-------------------------------------------------------x

Index No.: 405090/01

**ORDER OF REHABILITATION**

Petitioner, Gregory V. Serio, Superintendent of Insurance of the State of New York (the "Superintendent"), having moved this Court for an order to take possession of the property of and rehabilitate Frontier Insurance Company ("Frontier");

NOW, upon reading and filing the order to show cause signed August 27, 2001, the petition of Gregory V. Serio, Superintendent of Insurance, by Kevin Rampe, First Deputy Superintendent, duly verified August 24, 2001 and the emergency affidavit of Kevin Rampe sworn to on August 27, 2001; (the exhibits annexed thereto); the cross motion by Frontier Insurance Group dated September 7, 2001, the annexed proposed petition, the affidavit of Suzanne Loughlin sworn to on September 7, 2001, the exhibits annexed thereto; the affirmation in opposition by Mary Nicholls dated September 7, 2001; the affirmation in opposition by Adam J. Glatt dated September 7, 2001; the affidavit of Kevin Rampe sworn to on October 3, 2001, and the exhibits annexed thereto;

and the reply affidavit of Joseph Termini sworn to on October 3, 2001 and it appearing to my satisfaction that:

1. Frontier was incorporated in New York as a stock property/casualty insurer on November 2, 1962 and commenced business on August 17, 1966;

2. Frontier's principal place of business is located at 195 Lake Louise Marie Road, Rock Hill, New York in Sullivan County. Frontier's tax ID number is 13-2559805;

3. Frontier is subject to the New York Insurance Law and particularly to article 74 thereof;

4. Frontier is insolvent;

5. Frontier has failed to cure its impairment of capital or minimum surplus to policyholders;

6. Frontier has consented to the entry of the order of rehabilitation; and

7. It is in the best interest of Frontiers's policyholders, creditors and the general public that the Superintendent be directed to take possession of Frontier's property and to rehabilitate its business and affairs;

And, the Petitioner, having appeared by the Hon. Eliot Spitzer, Attorney General of the State of New York, and due deliberation having been had;

NOW, on motion of Hon. Eliot Spitzer, Attorney General of the State of New York, it is ORDERED as follows:

1. The petition is granted and the cross-motion is withdrawn;

2. Gregory V. Serio, Superintendent, and his successors in office as Superintendent, is appointed Rehabilitator of Frontier and is authorized and directed to immediately take possession of its property, conduct its business, including but not limited to settling claims within his sole discretion, take such steps toward the removal of the causes and conditions which made this proceeding necessary as he shall deem wise and expedient, and deal with the property and business of Frontier in its name or in the name of the Superintendent as Rehabilitator;

3. Notice to all persons having claims against Frontier to file or present their claims to the Superintendent as Rehabilitator is deferred until further order of this court;

4. Frontier, its officers, directors, depositories, trustees, agents, servants, employees, and all other persons, having any property or records belonging or relating to Frontier, including, but not limited to insurance policy, loss claim and legal files are directed, upon request of the Superintendent as Rehabilitator to assign, transfer, set over and deliver to him all such property or records;

5. Any persons, firms, corporations, or associations having any books, papers or records relating to the business of Frontier shall preserve them and submit them to the Superintendent as Rehabilitator for examination and copying at all reasonable times;

6. All persons including, but not limited to the officers, directors, shareholders, trustees, agents, servants, employees, attorneys, and managers of Frontier, are enjoined and restrained from the transaction of Frontier's business, the waste or disposition of its property, interfering with the Superintendent as Rehabilitator in the possession, control and management of Frontier's property or in the discharge of his duties;

7. All persons are enjoined and restrained from commencing or prosecuting any actions, lawsuits, or proceedings against Frontier, or the Superintendent as Rehabilitator;

8. All persons are enjoined and restrained from obtaining preferences, judgments, attachments or other liens or making any levy against Frontier's assets or any part thereof.

9. All parties to actions, lawsuits, and special or other proceedings in which Frontier is obligated to defend a party pursuant to an insurance policy, bond, contract or otherwise are enjoined and restrained from proceeding with any discovery, court conferences including but not limited to pre-trial conference, trial, application for judgment or proceedings on settlements or judgments for a period of one hundred and eighty days from the date of entry of this order.

10. Those persons who may have first-party or New York Comprehensive Automobile Insurance Reparations Act (No-Fault) policyholder loss claims against Frontier coming within the purview of Article 76 of the Insurance Law are enjoined from presenting and filing such claims in this proceeding for 90 days from the date of entry of this order.

11. In addition to the powers enumerated above and those delegated to the Rehabilitator in the New York Insurance Law, the Rehabilitator, by Order to Show Cause on notice to interested parties, including without limitation Frontier's sole shareholder, and subject to court approval, may sell or otherwise dispose of all or any part of the real and personal property of Frontier, sell any line of insurance, and take such other actions as set forth in Section 7428 of the New York Insurance Law.

12. That the Superintendent of Insurance, as Rehabilitator, may at any time make further application at the foot of this Order to this Court for such further and different relief as he sees fit.

13. All further papers in this proceeding shall bear the caption:

In the Matter of

The Rehabilitation of

FRONTIER INSURANCE COMPANY

ENTER

_____
J.S.C.

RehOrder 1